UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

THERON WASHINGTON,

    Plaintiff,

v.

ALBERT PIKE LODGE
(MARTY ZAVINSKI JARKOSKI),
Lieutenant RENDILMON,
MARTY ZAVINSKI JARKOSKI, and
KRISTEN RAE LETELLIER,

    Defendants.

Civil No. 10-3397 (JRT/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Anoka County Jail in Anoka, Minnesota, commenced this action by filing a civil complaint, by which he seeks to recover compensatory and punitive damages from the above-named Defendants. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the information furnished in the IFP application, the Court finds that Plaintiff has "no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Plaintiff will therefore be excused from paying any initial partial filing fee pursuant to § 1915(b)(1). However, because Petitioner is a "prisoner," (see 28 U.S.C. § 1915A(c)), his complaint must be "screened" pursuant to 28 U.S.C. § 1915A(a) before this action can proceed. The initial screening prescribed by § 1915A is undertaken by the Court at this time.

## I. BACKGROUND

Plaintiff is attempting to sue a Masonic Lodge identified as "Albert Pike Lodge," and three individuals identified as Lieutenant Rendilmon, Marty Zavinski Jarkoski, and Kristen Rae Letellier. As far as the Court can tell, Plaintiff is claiming that the Defendants have engaged in a conspiracy that has caused him personal injuries and damage to his reputation.

Plaintiff alleges that sometime in 2007 "hidden police cameras" recorded him having a "homosexual encounter at the Hotel Saloon in Downtown Minneapolis, Minnesota." (Complaint, [Docket No. 1], p. 4, § 7.) Someone (not identified in the complaint) allegedly gave the recording to Albert Pike Lodge. (Id.) Thereafter, Albert Pike Lodge and the other named Defendants allegedly carried out a program of harassment against Plaintiff. According to the complaint, Defendants caused Plaintiff to be beaten while he was incarcerated in Illinois, (id., §§ 8-10); they created "bogus medical documents," and caused Plaintiff to be "brain washed," (id., § 11); they forced him to rob a bank, (id, § 12); they defamed him by spreading "verbal expressions" about his alleged homosexual acts, (id., § 13); and they used his brother as a "look a-like to perform criminal activity," (for which Plaintiff apparently was held responsible), (id., § 14). Plaintiff is now seeking redress from Defendants for the harm they allegedly caused to him.

Plaintiff asserts that federal subject matter jurisdiction exists in this case based on diversity of citizenship. (Id., p. 3, § 3; see also Civil Cover Sheet, §§ II. and VI.)[2] However,

---

[2] Plaintiff's claims appear to be based wholly on state tort law principles. He has not advanced any federal cause of action, (see Complaint, p. 3, § 4), and the allegations in his complaint would not support any discernible federal claim. Therefore, diversity of citizenship is the only potential basis for federal subject matter jurisdiction in this case.

2

the Court finds that diversity of citizenship does not exist in this case, for the reasons discussed below.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

As noted above, Plaintiff asserts that federal subject matter jurisdiction exists in this case under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) the amount in controversy is greater than $75,000.00. The first element of the statute – i.e., the diversity of citizenship requirement – is satisfied only if none of the defendants resides in the state in which the plaintiff resides. In other words, there must be complete diversity of citizenship. If any Defendant resides in the state in which the Plaintiff resides, the statutory diversity requirement is not satisfied. As explained by the Eighth Circuit Court of Appeals:

> "Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."

OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (emphasis added).

Here, Plaintiff has plainly alleged that he is a citizen of Minnesota, and at least two named Defendants – Albert Pike Lodge and Marty Zavinski Jarkoski – are also citizens of Minnesota. (Complaint, p. 3, § 5; see also Complaint, pp. 1-2, §§ 1 and 2.) Thus, it is readily apparent on the face of the complaint that complete diversity of citizenship does not exist in this case.[3] Because the statutory diversity of citizenship requirement is not satisfied, federal subject matter jurisdiction does not exist in this case. The Court must therefore recommend that this case be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will recommend that Plaintiff's IFP application, (see n. 1, supra), be summarily denied. Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[4] To date, he has not paid any of that fee, so the full $350.00 will have to be deducted from Plaintiff's jail trust account, and

---

[3] One of the named Defendants, Lieutenant Rendilmon, allegedly is a citizen of Illinois, so it appears that he and Plaintiff are citizens of different states. However, the statutory diversity requirement is not satisfied unless there is complete diversity of citizenship – meaning that every Defendant must reside in a state other than the state in which the Plaintiff resides.

[4] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4

paid to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2).

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2).


Dated: August  20 , 2010

         s/ *Franklin L. Noel*
        FRANKLIN L. NOEL
        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 7, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.